DIXON, Justice.
From a conviction of attempted simple burglary and a sentence of three years in custody of the Louisiana Department of Corrections, defendant appeals, perfecting a single assignment of error, contending that his motion for a directed verdict was erroneously denied.
The evidence adduced at trial and upon which the trial court made his ruling is summarized as follows:
Officer FT. B. Billingsley of the K-9 Division of the Baton Rouge City Police De *679 partment was on his routine patrol the night of June 14, 1974 when he noticed a colored male juvenile standing and making a prying motion at a window of the Greeenville Elementary School. Because the lighting about the school building was adequate, Billingsley recognized the defendant, whom he knew from prior conversations. Circling back to an entrance of the school grounds, Billingsley radioed for help, which was nearby; the other unit “sealed off” the area. With his dog, Bil-lingsley proceeded to the school window at which he had earlier seen defendant, and his dog picked up a scent. They followed this scent toward the rear of the school grounds until they intercepted the other police unit which had by this time taken defendant and another individual into custody.
Billingsley returned to search the area around the school window, finding pry marks around the edge of the window and a bent knife in nearby bushes.
Edna Breaux, principal of the Greenville Elementary School, testified she did not give defendant authority to enter the school at any time, particularly on the night of the attempted entry.
The trial court overruled defendant’s motion because the State had introduced “some” evidence of each essential element of the crime. We affirm.
The relevant portion of R.S. 14:62 provides :
“Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Article 60.”
The relevant portion of R.S. 14:27 provides :
“A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
“B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.”
The record before us includes direct evidence that an entry of the school building was essayed and that no such entry was authorized. The record further includes circumstantial evidence from which the intent to commit a felony or theft therein may reasonably be inferred. Hence a directed verdict is unavailable. State v. Douglas, 278 So.2d 485 (La.1973).
This assignment has no merit.
The record contains an additional assignment of error which defendant neither briefs nor argues to this court; hence it is waived. State v. Richmond, 284 So.2d 317 (La.1973).
For the reasons expressed, defendant’s conviction and sentence are affirmed.